UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE WOOD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. 17-cv-04921 |
| v. ) | |
| ) | Hon. Judge Gary Feinerman |
| ALLIED INTERSTATE, LLC, ) | |
| ) | Magistrate Judge Michael Mason |
| DEFENDANT. ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO SUBMIT ADDITTIONAL AUTHORITY**

Plaintiff, Clarence Wood, by and through his attorneys, respectfully submits this response to Defendant's motion to cite additional authority. In support of this response, Plaintiff states as follows:

1. Defendant has introduced the recent decision from the United States District Court for the Southern District of Florida, *Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547, Case No. 17-cv61435-WPD (S.D. Fla. Dec. 4, 2017) in support of its Motion to Dismiss.

2. The decision in *Jones* is both nonbinding and unpersuasive in the 7th Circuit. Although the facts in *Jones* are somewhat similar to this case, we cannot ignore several of the binding and persuasive decisions from this Circuit.

3. A case from the Eastern District of Wisconsin involved a collection letter with very similar language to Defendant's letter here. In *Tylke v. Diversified Adjustment Serv.*, 2014 WL 5465173, *1 (E.D. Wis. Oct. 28, 2014), the plaintiff claimed the use of the statement "[t]he above balance due includes a Verizon Wireless Collection Fee of $0.00" in a collection letter

1

violated the FDCPA because it both threatened to collect a fee and also implied a collection fee could be applied in the future.

4. The *Tylke* court held that a letter indicating a current collection cost of $0.00 could be interpreted to mean that no part of the balance includes a collection fee, or alternatively "the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one." *Tylke*, 2014 WL 5465173 at *3. Further, the court held that language like this implies that costs will be assessed in the future, or at the very least, the statement is susceptible to more than one reasonable interpretation. *Id.*

5. Additionally, the 7th Circuit identified case law that establishes "it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (*citing Ruth v. Triumph P'ships*, 577 F.3d 790, 801 (7th Cir. 2009); *citing Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)). Further, the court held "when language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that failed to clarify that ambiguity does so at its peril." *Lox*, 689 F.3d at 825. When language in a debt collection letter can be interpreted more than one way, it runs afoul to the FDCPA. This is the crux of Plaintiff's claim and it has been clearly outlined by numerous 7th Circuit courts.

6. Recently, the 7th Circuit in *Pantoja* held that "carefully crafted language" which is "chosen to obscure" a debt collector's rights is "the sort of misleading tactic the FDCPA prohibits." *Pantoja v. Portfolio Recovery Assocs., LLC,* No. 15-1567, 2017 WL 1160902, *6 (7th Cir. Mar. 29, 2017).

7. The Court has a wealth of binding and persuasive opinions that are factually similar to the present action. Decisions by the 7th Circuit clearly state that if ambiguous language used in collection letters can be interpreted in multiple ways by the *unsophisticated* consumer, the debt collector has violated the FDCPA. The unpersuasive district court decision in *Jones* is irrelevant against the weight of *Tylke*, *Lox*, and *Pantoja*.

8. For these reasons, the Court should deny Defendant's Motion to Dismiss and hold that Plaintiff has stated a plausible claim for violations of §1692g of the FDCPA.

WHEREFORE, for the foregoing reasons, Plaintiff, Clarence Wood, respectfully moves this Court for an Order denying Defendant's Motion to Dismiss.

Respectfully Submitted,

By: s/*Celetha Chatman*
    Celetha Chatman

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
celethachatman@communitylawyersgroup.com

**CERTIFICATE OF SERVICE**

    I, Celetha Chatman, an attorney, hereby certify that on December 21, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: December 21, 2017**                                                               Respectfully submitted,

                                                                                                                               By:    /s/ *Celetha Chatman*