UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 4921 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ALLIED INTERSTATE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Clarence Wood alleges that a letter he received from Allied Interstate, LLC violated the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Illinois

Collection Agency Act ("ICAA"), 225 ILCS 425/9. Doc. 1. Allied moves under Federal Rule of

Civil Procedure 12(b)(6) to dismiss the suit. Doc. 18. The motion is denied.

### Background

On a Rule 12(b)(6) motion, the court must accept the operative complaint's well-pleaded

factual allegations, with all reasonable inferences drawn in Wood's favor, but not its legal

conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The

court must also consider "documents attached to the complaint, documents that are critical to the

complaint and referred to in it, and information that is subject to proper judicial notice," along

with additional facts set forth in Wood's brief opposing dismissal, "so long as those facts are

consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th

Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Wood as

those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting

forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Wood defaulted on a debt he incurred for goods and services used for family or household purposes. Doc. 1 at ¶¶ 11-12. Allied, a debt collector, sent Wood a letter stating that the "Amount Owed" was $2,827.24. *Id*. at ¶ 13; Doc. 1-1 at 6. The letter included an "Account Listing," which provided this breakdown of the amount owed:

| Principle Balance | Interest | | | Fees | Collection Costs | Amount Owed |
| --- | --- | --- | --- | --- | --- | --- |
| | Placed | Rate | Added | | | |
| $2827.24 | $0.00 | 0.000 % | $0.00 | $0.00 | $0.00 | $2827.24 |

*Id*. at 8.

Wood believed that the letter's statement that he owed "$0.00" in fees, collection costs, and interest indicated that such amounts would begin to accrue if he did not pay the debt. *Id*. at ¶ 19. In fact, however, Allied was not allowed to assess fees, collection costs, or interest on Wood's account, so no such amounts could possibly accrue. *Id*. at ¶¶ 20-21, 29. Wood alleges that Allied's letter suggested that fees, collection costs, and interest would begin to accrue in an attempt to coerce him to pay the debt in full, and quickly, because if he did not do so his balance would increase. *Id*. at ¶¶ 27, 30. Wood experienced "negative emotions about Allied's threat that if he did not pay now, the balance may be adjusted, including generalized insult, annoyance, aggravation, and other garden variety emotional distress." *Id*. at ¶ 36.

## Discussion

### I.    FDCPA Claim

Wood alleges that Allied's letter violated the FDCPA because it falsely implied that "additional charges could be added to [his] account [or alleged debt] by including column headers that included fees, interest, and collection costs with zero balances in its collection

letter," when in fact Allied was not permitted to assess collection costs, fees, or interest. Doc. 24 at 3. The complaint identifies § 1692e as the pertinent FDCPA provision, but Wood's opposition brief contends that the letter violated both §§ 1692e and 1692f. *Ibid.* Allied maintains that Wood may not pursue a § 1692f claim because the complaint does not cite that provision. Doc. 25 at 4 n.1. But a complaint need not plead legal theories, *see Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need no identify legal theories, and specifying an incorrect theory is not a fatal error."); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (same), and Wood's factual allegations provide fair notice of the necessary elements of his § 1692f claim.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Wood does not, and need not, "allege a violation of a specific subsection" of § 1692e. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Section 1692f, meanwhile, proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because Wood's § 1692f claim rests on the same premise—that Allied's letter was deceptive—as his § 1692e claim, the two claims rise or fall together.

The Seventh Circuit "has consistently held that with regard to 'false, deceptive, or misleading representations' in violation of § 1692e of the FDCPA, the standard is … whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable,

consumer if the consumer is not represented by counsel." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016); *see also Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014) (noting that FDCPA claims "are evaluated under the objective 'unsophisticated consumer' standard"). That standard protects a consumer who "may be uninformed, naïve, or trusting," but who nonetheless "possess[es] rudimentary knowledge about the financial world." *Gruber*, 742 F.3d at 273 (internal quotation marks omitted). The reasonable consumer, although unsophisticated, is "not a dimwit" and "is capable of making basic logical deductions and inferences." *Lox*, 689 F.3d at 822 (internal quotation marks omitted).

As a general rule, the potentially confusing or misleading "nature of a dunning letter [is treated] as a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (internal citation omitted). "Nevertheless, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Ibid.* (internal quotation marks omitted).

Allied contends that the letter's "representation that it has *not* included any prohibited fees and costs cannot be a violation of federal law." Doc. 18 at 4. Not so. The Seventh Circuit has made clear that a "dunning letter is false and misleading if it impl[ies] that certain outcomes *might* befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018) (emphasis added) (holding that a letter falsely implying that late and other charges could be charged to a debtor violated § 1692e) (internal quotation marks omitted); *see also Lox*, 689 F.3d at 825 (holding that a letter falsely implying that nonpayment could result in the debtor being charged attorney fees violated

§ 1692e). Wood plausibly alleges that Allied was not permitted to charge him fees or collection costs. Doc. 1 at ¶¶ 21, 29. Yet by stating that fees and collection costs stood at "$0.00," instead of stating something like "N/A" or declining to mention fees and collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if Wood did not pay the debt. Why, after all, would Allied include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest that that such fees and costs might possibly accrue in the future? On these facts, and at the pleading stage, Allied cannot show that "not even a significant fraction of the population would be misled by" the letter. *Zemeckis*, 679 F.3d at 636.

In holding that Wood has plausibly alleged that Allied's letter violated §§ 1692e and 1692f in this respect, the court respectfully parts company with *Delgado v. Client Services, Inc.*, 2018 WL 1193741, at *3-4 (N.D. Ill. Mar. 7, 2018), *appeal pending*, No. 18-1748 (7th Cir.); *Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547, at *2 (S.D. Fla. Dec. 4, 2017); and *Dick v. Enhanced Recovery Co.*, 2016 WL 5678556, at *3-5 (E.D.N.Y. Sept. 28, 2016). That said, the complaint does not state a claim to the extent it alleges that the letter implies that interest might accrue on Wood's debt. The letter clearly stated that "Interest Added" to the "Amount Owed" was $0.00 *and* that the interest rate on his debt was "0.000%." Doc. 1-1 at 8. No reasonable consumer would believe that an interest rate of 0% could result in interest accruing on the debt.

Allied contends that the letter cannot violate § 1692e with respect to fees and collection costs because its terms are "perfectly in line with the Seventh Circuit's suggested language," set forth in *Chuway v. National Action Financial Services., Inc.*, 362 F.3d 944 (7th Cir. 2004), "for collection letters in instances where a fixed amount is being collected," because it "states the finite amount owed, informs Wood that the debt had been assigned to Allied for collection … ,

5

and asks Wood to make a payment." Doc. 18 at 5. *Chuway* is inapposite because it does not apply where, as here, the debt collector's communications improperly imply that the "fixed amount" it wishes to collect might increase. Indeed, *Chuway* held that that a letter instructing the debtor to call a number to obtain his "*most current* balance information" was misleading because it left the debtor unsure of the actual amount he owed even though the debt collector was entitled to collect only the balance listed in the letter. 362 F.3d at 947-48 (emphasis added). Wood has plausibly alleged that Allied, by including columns for fees and collection costs and stating that the amount owed for each was "$0.00," likewise suggested that $0.00 was only the current amount owed under each category and that the amount owed might increase over time.

Allied next contends that *Field v. Wilber Law Firm P.C.*, 383 F.3d 562 (7th Cir. 2004), teaches that a debt collector "complies with Section 1692e of the FDCPA by providing an accurate breakdown and itemization of charges that go into a balance due." Doc. 25 at 4. This argument fails to persuade as well. The letter found misleading in *Fields* stated that the plaintiff owed $388.54, yet that figure "reflected the original [sum owed of] $122.06 plus interest and service charges … plus $250 in attorneys' fees for the collection of the debt." 383 F.3d at 563. The Seventh Circuit held that the letter violated the FDCPA because debt collectors must make clear "how the total amount due was determined *if* the demand for payment includes add-on expenses like attorneys' fees or collection costs." *Fields*, 383 F.3d at 565 (emphasis added). After all, the Seventh Circuit reasoned, a consumer might find it difficult to "understand how a relatively modest fee for services rendered [of $122.06] had tripled in size." *Id*. at 566. That concern is not present here. Unlike the situation in *Fields*, the sum Allied was permitted to collect from Wood did not include fees and collection costs. *Fields* therefore did not require Allied to tell Wood how much in fees and collection costs he owed—and the FDCPA prohibited

6

Allied from falsely implying that fees and collection costs might accrue if the debt were not quickly paid.

Allied's fallback position, that "even if Wood could otherwise state a claim under § 1692e … he has failed to allege any 'material' violation" as required under the FDCPA, fails as well. Doc. 18 at 6 n.2. "[A] statement cannot mislead unless it is material," and a "statement is material if it would influence a consumer's decision … to pay a debt in response to a dunning letter." *Boucher*, 880 F.3d at 366 (internal quotation marks and citation omitted). Under this standard, Allied's misrepresentations—which, Wood plausibly alleges, were intended to induce him to swiftly repay his debt—were material. *See id.* at 368 (holding that an implication that the debtor would be charged late charges was material); *Lox*, 689 F.3d at 827 (holding that a misleading statement was material where it could lead a debtor to believe that it would be costlier to contest a debt or delay a payment, and thus could have "led to a decision to pay a debt that he would have preferred to contest").

Allied's motion to dismiss Wood's FDCPA claim under §§ 1692e and 1692f accordingly is denied. This disposition renders it unnecessary at this juncture to resolve whether Wood's FDCPA claim may also proceed under § 1692g.

## II.    ICAA Claim

Wood also claims that Allied's letter violated § 9 of the ICAA, which prohibits collection agencies "while collecting or attempting to collect a debt [from] … engag[ing]" in certain acts." 225 ILCS 425/9. Allied contends that § 9 may not be enforced through an implied private right of action. Doc. 18 at 7. In *Sherman v. Field Clinic*, 392 N.E.2d 154 (Ill. App. 1979), however, the Appellate Court of Illinois recognized an implied right of action under § 9. *Id.* at 160-61; *see*, *e.g.*, *Jablonski v. Riverwalk Holdings, Ltd.*, 2012 WL 2254257, at *6 (N.D. Ill. Jun. 14,

2012); *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F.Supp.2d 929, 940 (N.D. Ill. Feb. 24, 2012); *Kim v. Riscuity, Inc.*, 2006 WL 2192121, at *3 (N.D. Ill. July 31, 2006); *Trull v. GC Servs. L.P.*, 961 F. Supp. 1199, 1206-07 (N.D. Ill. 1997); *but see Eul v. Transworld Sys.*, 2017 WL 1178537, at *18 (N.D. Ill. Mar. 30, 2017) (holding that there is no private right of action under § 9); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 751 & n.16 (N.D. Ill. 2003) (same). Because the Supreme Court of Illinois has not directly addressed whether a private right of action lies under § 9 or any other provision of the ICAA, this court may deviate from *Sherman* only if "there are persuasive indications that the [state supreme court] would decide the [issue] differently." *Commonwealth Ins. Co. v. Stone Container Corp.*, 323 F.3d 507, 509 (7th Cir. 2003) (internal quotation marks omitted). There are no such persuasive indications; to the contrary, the state supreme court has favorably cited *Sherman*'s private right of action analysis. *See Sawyer Realty Group, Inc. v. Jarvis Corp.*, 432 N.E.2d 849, 852-53 (Ill. 1982).

The state supreme court's decision in *Metzger v. DaRosa*, 805 N.E.2d 1165 (Ill. 2004), does not warrant a different result. *Metzger* observed that an implied private right of action may be found "only in cases where the statute would be ineffective, as a practical matter, unless such an action were implied." *Id.* at 1170 (internal quotation marks omitted). Applying that principle, the court declined to recognize an implied right of action to enforce §19c.1 of the Illinois Personnel Code, 20 ILCS 415/19c.1, reasoning that because the Code "expressly provides sanctions and remedies for violations of its provisions," its enforcement mechanisms were "sufficient to encourage the reporting of violations of the Personnel Code," to "prevent and punish" conduct violating it, and to redress plaintiff's "type of injury." *Id.* at 1170-71. As explained in *Sherman*, the ICAA stands on an entirely different footing:

> [T]he need for a civil action for damages under the [ICAA] is clear. The act
> contains no provision for compensating debtors for their injuries and therefore

> provides little incentive for them to seek enforcement of the Act. Although an
> aggrieved debtor may derive some psychological satisfaction from the
> suspension or revocation of a collection agency's certificate … or from the
> criminal prosecution of an offending agency, it seems unlikely that most
> debtors will initiate and pursue their complaints through all the steps in the
> administrative or criminal justice processes in the absence of any tangible
> reward.

392 N.E.2d at 160.

It follows that *Metzger* does not provide a sufficient basis to deviate from the state

appellate court's holding in *Sherman* that § 9 of the ICAA may be enforced with an implied

private right of action. *But see Johnson v. Alltran Educ., LP*, 2018 WL 2096374, at *10 (N.D.

Ill. May 7, 2018) (holding that § 9.3 of the ICAA does not contain an implied private right of

action in part because *Metzger* indicates the state supreme court's reluctance to find an implied

right of action where the legislature has elsewhere provided a private right of action, where the

legislature has expressly authorized an entity to enforce the provisions of a statute, and where a

statute adopts the Illinois Administrative Review Law as part of its statutory framework);

*Skinner v. LVNV Funding, LLC*, 2018 WL 319320, at *4 (N.D. Ill. Jan. 8, 2018); *Eul*, 2017 WL

1178537, at *18; *cf. Galvan v. NCO Fin. Sys, Inc.*, 2016 WL 792009, at *5-6 (N.D. Ill. Mar. 1,

2016) (discussing post-*Sherman* amendments to the ICAA that provide additional means of

enforcing the statute). That some Illinois trial courts have disagreed with *Sherman* and that § 14

of the ICAA, added several years after § 9 was enacted, includes a private right of action to

enjoin unlicensed collection agencies from operating, do not provide the "persuasive indications"

that the state supreme court would deviate from *Sherman*.

Allied's only remaining argument, that Wood's ICAA claim fails "for the same reasons"

that his FDCPA claim fails—because "the Letter did not threaten, let alone falsely threaten,

anything," Doc. 18 at 7—is incorrect because, as shown above, the letter falsely suggests that

fees and collection costs could be added to the amount Wood owed if he did not quickly pay the debt. Accordingly, Wood's ICAA claim survives dismissal.

## Conclusion

For the foregoing reasons, Allied's motion to dismiss is denied. Allied shall answer the complaint by July 3, 2018.

June 13, 2018

_____
United States District Judge