UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 4921 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ALLIED INTERSTATE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Clarence Wood alleges that a collection letter he received from Allied Interstate, LLC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/9. Doc. 1. The court denied Allied's motion to dismiss under Civil Rule 12(b)(6). Docs. 49-50 (reported at 2018 WL 2967061 (N.D. Ill. June 13, 2018)). With discovery closed, Allied moves for summary judgment. Doc. 60. The motion is granted.

**Background**

The following facts are set forth as favorably to Wood, the nonmovant, as the record and Local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). On summary judgment, the court must assume the truth of those facts, but does not vouch for them. *See Donley v. Stryker Sales Corp.*, 906 F.3d 635, 636 (7th Cir. 2018). Because Wood's Local Rule 56.1(b)(3)(B) response, Doc. 76, admits every material factual assertion in Allied's Local Rule 56.1(a)(3) statement but incorrectly numbers the paragraphs in Allied's statement, the court will cite Allied's statement, Doc. 62, for the undisputed facts.

Wood defaulted on a credit card debt. Doc. 62 at ¶¶ 5-6. Allied, a debt collector, sent Wood a letter stating that the "Amount Owed" was $2,827.24. *Id*. at ¶¶ 6-7; Doc. 1-1 at 6. Wood does not dispute the amount of the debt. Doc. 62 at ¶ 8. Allied's letter included a table titled "Account Listing," which provided this breakdown of the amount owed:

| Client | Principle Balance | Interest | | | Fees | Collection Costs | Amount Owed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Placed | Rate | Added | | | |
| XXXXXXXXXXXX9083 | $2827.24 | $0.00 | 0.000 % | $0.00 | $0.00 | $0.00 | $2827.24 |
| Totals | $2,827.24 | $0.00 | | $0.00 | $0.00 | $0.00 | $2,827.24 |

*Id*. at ¶ 9; Doc. 1-1 at 8 (blank space in original).

According to Wood, the table's statement that he owed "$0.00" in fees and collection costs implied that such amounts would begin to accrue if he did not pay the debt. Doc. 75 at 6-8. In fact, however, Allied never intended to assess any fees or collection costs on Wood's account, and no such amounts were accruing. Doc. 62 at ¶ 11. The summary judgment record does not contain any consumer surveys or other evidence as to how an unsophisticated consumer would interpret Allied's statement that Wood owed "$0.00" in fees and collection costs.

2

## Discussion

### I. FDCPA Claim

Wood alleges that Allied's letter violated §§ 1692e and 1692f of the FDCPA because the table showing zero balances for fees and collection costs falsely implied that Allied would "add fees and collection costs to [his] account," when in fact it "had no intention of" doing so. Doc. 75 at 5-8; Doc. 1 at ¶¶ 39-40. Wood further alleges that because the table was confusing, the letter violated § 1692g(a)(1) by failing to clearly state the amount of the debt. Doc. 75 at 4-5; Doc. 1 at ¶ 42. (Wood continues to maintain that Allied falsely implied that interest would accrue, Doc. 75 at 5-6, but the court already dismissed that claim, holding that "the complaint does not state a claim to the extent it alleges that the letter implies that interest might accrue on Wood's debt" because "[n]o reasonable consumer would believe that an interest rate of 0% could result in interest accruing on the debt." 2018 WL 2967061, at *3.)

#### A. Sections 1692e and 1692f

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although "a plaintiff need not allege a violation of a specific subsection in order to succeed in a § 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), Wood invokes subsections (5), (8), and (10), which proscribe, respectively, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be

3

false, including the failure to communicate that a disputed debt is disputed," *id*. § 1692e(8); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id*. § 1692e(10). Section 1692f, meanwhile, proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because Wood's § 1692f claim rests on the same premise—that Allied's letter was deceptive—as his § 1692e claim, the two claims rise or fall together.

The Seventh Circuit "has consistently held that with regard to 'false, deceptive, or misleading representations' in violation of § 1692e of the FDCPA, the standard is … whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016); *see also Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014) (noting that FDCPA claims "are evaluated under the objective 'unsophisticated consumer' standard"). This standard protects a consumer who "may be uninformed, naïve, or trusting," but who nonetheless "possess[es] rudimentary knowledge about the financial world." *Gruber*, 742 F.3d at 273 (internal quotation marks omitted). The reasonable consumer, though unsophisticated, "is not a dimwit" and "is capable of making basic logical deductions and inferences." *Lox*, 689 F.3d at 822 (internal quotation marks omitted).

As the Seventh Circuit explained in *Ruth*, statements alleged to be false or misleading under § 1692e fall into three categories. *See* 577 F.3d at 800. The first category consists of statements that are "plainly, on their face, … not misleading or deceptive. In these cases, [the court] do[es] not look to extrinsic evidence to determine whether consumers were confused. Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law." *Ibid*. The second category

4

consists of statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, … plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ibid*. The third category consists of statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to the plaintiff on that basis." *Id*. at 801.

In denying Allied's motion to dismiss, the court held that the letter does not fall within the first *Ruth* category because, "by stating that fees and collection costs stood at '$0.00,' instead of stating something like 'N/A' or declining to mention fees and collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if Wood did not pay the debt." 2018 WL 2967061, at *2. That left open the question whether the letter falls in the second category or the third. As the parties acknowledge, this case turns on that question. If the letter is in the second *Ruth* category, Allied is entitled to summary judgment because Wood does not adduce any extrinsic evidence that it is misleading. *See Lox*, 689 F.3d at 822 ("[S]ince Lox did not present any extrinsic evidence at the summary judgment stage, he must show that the statement is plainly and clearly misleading on its face, thus eliminating any need for evidence of its deceptive nature."). But if the letter is in the third category, Allied is not entitled to summary judgment and, in fact, Wood wins the case. *See Ruth*, 577 F.3d at 801 (noting that "a court may award summary judgment to the plaintiff" where the statement is in the third category).

Because the statement in Allied's letter that Wood owed "$0.00" in fees and collection costs is "susceptible to more than one interpretation," *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016), one misleading and one not, the letter is "possibly" misleading but not misleading "on [its] face" and therefore falls in the second category, *Ruth*,

5

577 F.3d at 800.  As noted, one reasonable reading of a table that includes columns for fees and collection costs with a value of "$0.00" rather than "N/A" is that there are not *yet* any fees and collection costs, but that there might be in the future.  2018 WL 2967061, at *2.  That is, "$0.00" in such a table can reasonably be read to mean "$0.00 *for now*."  On that reading, the table is misleading because it implies that Allied might charge fees and collection costs when in fact it never intended to do so.  *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018) (holding that a letter falsely implying that late and other charges could accrue violated § 1692e); *Lox*, 689 F.3d at 825 (holding that a letter falsely implying that nonpayment could result in the debtor being charged attorney fees violated § 1692e).

But the table could also be reasonably read to say nothing more than that Wood owed $2,827.24 and that the balance consisted only of principal.  After all, a consumer could reasonably believe that Allied included columns showing $0.00 only because the table is part of a form letter used in all situations, regardless of which columns might apply to a particular debtor.  Such a belief would find support in the fact that the table included a "Totals" row even though there was only one row to "total."  Doc. 1-1 at 8.  Moreover, a consumer could infer from the "Interest" columns—which clearly state that the amount owed includes "$0.00" in interest and that the interest rate is "0.000%," *ibid.*—that Allied was merely trying to clarify that it was *not* seeking to collect any interest, fees, or collection costs.  Consumers making those reasonable assumptions would conclude that the letter did not suggest that fees and collection costs would accrue if the debt were not paid.  On that reading, the table does not imply that Allied would charge fees or collection costs and therefore is not misleading.  *See Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 765-67 (7th Cir. 2018) (holding that a collection letter's statement that the settlement it offered "may have tax consequences" was not misleading because the statement

was true "as a general matter" and did not signal whether "tax consequences [were] possible or likely … in [any] particular debtor's circumstances") (emphasis omitted); *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 840-41 (7th Cir. 2007) (holding that a collection letter clearly stated the amount of the debt where the "'tearoff' section of the letter that Plaintiffs [were] directed to return with their payments list[ed] the 'Current Amount Due' and nothing more").

To the extent any doubt remains that the innocent reading of Allied's letter is reasonable, several decisions addressing materially identical letters have held that the innocent reading is the *only* reasonable interpretation of a table listing "$0.00" in "fees," "collection costs," or "other charges"—in other words, that such letters are plainly not misleading and therefore fall within the first *Ruth* category. *See Coletta v. Allied Interstate, LLC*, No. 18 C 4014, slip op. at 4-6 (N.D. Ill. Dec. 10, 2018) (reproduced at Doc. 80-1); *Delgado v. Client Servs., Inc.*, 2018 WL 1193741, at *3-4 (N.D. Ill. Mar. 7, 2018); *Jones v. Prof'l Fin. Co.*, 2017 WL 6033547, at *2 (S.D. Fla. Dec. 4, 2017); *Dick v. Enhanced Recovery Co.*, 2016 WL 5678556, at *3-5 (E.D.N.Y. Sept. 28, 2016). Although the court respectfully disagrees with those decisions insofar as they hold that the innocent reading is the *only* available reading, they nonetheless provide further support for the court's conclusion that the innocent reading is *one* reasonable reading. And because Allied's letter is susceptible to two reasonable interpretations, one innocent and the other misleading, it falls within the second *Ruth* category. *See Janetos*, 825 F.3d at 323 (noting that letters "susceptible to more than one interpretation" fall within the second *Ruth* category); *Tylke v. Diversified Adjustment Serv., Inc.*, 2014 WL 5465173, at *1, *3 (E.D. Wis. Oct. 28, 2014) ("[T]he statement [that 'the above balance due includes a Verizon Wireless Collection Fee of $0.00'] falls into the second category. There are several possible ways the statement could be

7

interpreted. For example, it is possible that … an 'unsophisticated consumer' might understand the statement to be explaining that no part of the debt is a 'collection fee' even though the Verizon agreement allows for one. On the other hand, it is also possible that an 'unsophisticated consumer' would interpret the statement to mean that there is no 'collection fee' now but that one could be assessed later on.").

The cases Wood cites to support his view that the letter falls in the third *Ruth* category—*Boucher v. Finance System of Green Bay, Inc.*, *supra*; *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004); and *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996)—are distinguishable. *Boucher* and *National Financial Services* involved letters that, on their faces, expressly or implicitly threatened to take action that the debt collector could not or did not intend to take. *See Boucher*, 880 F.3d at 367 (holding that a collection letter stating that "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater" was misleading on its face because it "falsely implie[d] a possible outcome—the imposition of 'late charges and other charges'—that [could not] legally come to pass"); *Nat'l Fin. Servs.*, 98 F.3d at 137-39 (holding, under the Fourth Circuit's "least sophisticated consumer" standard, that the defendants' dunning letters were facially misleading because, by warning that "only your immediate payment will stop further legal action," they "falsely threatened legal action"). Here, by contrast, it is unclear from the face of Allied's letter whether the unsophisticated consumer would interpret it as implicitly threatening to begin charging collection costs and fees if the debt were not paid.

*Chuway* is inapposite for similar reasons. There, the court held that a collection letter was confusing on its face because it "instruct[ed] the recipient on how to obtain 'your most *current* balance information,'" clearly implying that the balance listed in the letter was not

necessarily the amount the debt collector was seeking to collect. 362 F.3d at 947-48 (emphasis added). That confusion precluded summary judgment on the plaintiff's claim that the letter violated § 1692g(a)(1) by failing to clearly disclose the amount of the debt. *Ibid*. Thus, like *Boucher* and *National Financial Services*, *Chuway* is a case where the letter on its face gave rise to a confusing or misleading implication, not a case where, as here, it is unclear what meaning the unsophisticated consumer would draw from the language in question. *See id*. at 948 (explaining that "if it [had been] unclear whether the letter would confuse intended recipients," then the plaintiff would have needed to present extrinsic evidence of confusion).

Accordingly, Allied's letter falls into the second *Ruth* category, and Wood therefore was required to adduce "extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ruth*, 577 F.3d at 800. Because he does not do so, Allied is entitled to summary judgment on his §§ 1692e and 1692f claims.

**B.     Section 1692g(a)(1)**

Wood also alleges that Allied's letter violated § 1692g(a)(1) because Allied "did not clearly state" whether fees and collection costs were accruing. Doc. 75 at 4-5. Section 1692g(a)(1) requires that debt collectors state "the amount of the debt" they seek to collect, 15 U.S.C. § 1692g(a)(1), and that their collection letters do so "clearly enough that the recipient is likely to understand it." *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 677 (7th Cir. 2007) (internal quotation marks omitted). As the Seventh Circuit has explained, the court "must evaluate the letter" from the perspective of the unsophisticated consumer "to determine whether it causes any confusion or misunderstanding as to the amount due." *Id*. at 677-78 (alterations and internal quotation marks omitted).

Although *Ruth*'s three-category framework may not formally apply to § 1692g claims, *see Janetos*, 825 F.3d at 322-23 (suggesting that the *Ruth* framework is "for claims under § 1692e"), the analysis is functionally the same. "If it is apparent just from reading the letter that it is unclear," then the plaintiff's own testimony that he "was indeed confused" by the letter is enough to survive summary judgment. *Chuway*, 362 F.3d at 948; *see also Janetos*, 825 F.3d at 321-23 (holding that extrinsic evidence of consumer confusion was not required where, "[o]n its face, … the letter failed to disclose the information that § 1692g(a)(2) required"). "But if it is unclear whether the letter would confuse intended recipients," then the plaintiff must adduce extrinsic evidence of consumer confusion, such as "a carefully designed and conducted consumer survey." *Chuway*, 362 F.3d at 948.

Because Allied's letter accurately states the amount of the debt and it is unclear whether the table's listing $0 in fees and collection costs would confuse recipients, Wood's failure to adduce extrinsic evidence of consumer confusion as to the amount of the debt means that his § 1692g(a)(1) claim cannot survive summary judgment. *See ibid*. It is undisputed that the letter correctly stated the amount owed and that the table's breakdown of the amount into principal ($2,827.24), interest ($0.00), fees ($0.00), and collection costs ($0.00) was accurate. Doc. 62 at ¶¶ 7-9, 11. The only respect in which Wood claims that the disclosure of the debt amount was confusing is that the letter is susceptible to the interpretation discussed above: that "$0.00" could imply that Allied would *later* add fees and collection costs unless Wood paid the debt. Doc. 75 at 4-5.

For essentially the same reasons that the letter falls into *Ruth*'s second category as to the §§ 1692e and 1692f claims, "it is unclear whether the letter would confuse intended recipients" as to the amount of the debt. *Chuway*, 362 F.3d at 948. If consumers notice that the letter is

susceptible to the reading on which "$0.00" implies that fees and collection costs could accrue if the debt were not paid, they could be confused as to whether the amount of the debt is fixed and may be misled into thinking that it is variable. *See Boucher*, 880 F.3d at 367, 371 (noting that the question whether a statement implying that "late charges and other charges" may be imposed "was misleading under § 1692e goes hand-in-hand with whether the amount of the debt has been accurately disclosed under § 1692g(a)(1)") (internal quotation marks omitted). But if consumers understand "$0.00" to mean that Allied is not attempting to collect any fees or collection costs, the letter provides accurate information (the amount of the debt is fixed at $2,827.24) and is not confusing. *See Chuway*, 362 F.3d at 949 ("If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with [§ 1692g(a)(1)] by stating the 'balance' due … and stopping there, without talk of the 'current' balance.").

Accordingly, to proceed with his § 1692g(a)(1) claim, Wood must adduce extrinsic evidence of consumer confusion. *Id*. at 948. Because he does not, Allied is entitled to summary judgment on the claim.

## II. ICAA Claim

Finally, Wood claims that Allied's letter violated § 9 of the ICAA, which prohibits collection agencies "while collecting or attempting to collect a debt" from "engag[ing] in" certain threats and other acts. 225 ILCS 425/9. As Allied recognizes, Doc. 61 at 8 & n.4, the court's earlier opinion held that § 9 may be enforced through an implied private right of action. 2018 WL 2967061, at *4-5. Allied contends that Wood's claim nonetheless fails for the same reasons that his FDCPA claim fails: because Wood has not adduced evidence that consumers "would read the letter as a threat." Doc. 61 at 9.

Wood responds that no such evidence is required because "the letter falls into the third *Ruth* category." Doc. 75 at 9-10. By embracing the proposition that his ICAA claim is subject

11

to the same *Ruth* framework that governs his §§ 1692e and 1692f claims, Wood forfeits any argument to the contrary. *See Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *Keck Garrett & Assocs. v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008) ("Nextel specifically requested summary judgment on the quantum meruit claim. Keck Garrett, however, did not defend that claim in its reply to Nextel's motion for summary judgment. By failing to present its argument to the district court, Keck Garrett abandoned its claim."); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006) ("By failing to raise [an argument] in his brief opposing summary judgment, [the plaintiff] lost the opportunity to urge it in both the district court and this court."), *overruled in other part by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013). Accordingly, Wood's ICAA claim fails because the letter is not misleading on its face and he does not adduce extrinsic evidence "to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ruth*, 577 F.3d at 800.

## Conclusion

Allied's summary judgment motion is granted. Judgment will be entered in favor of Allied and against Wood.

December 28, 2018

_____
United States District Judge